F. E. Booth Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32586. Promulgated October 31, 1930.

*J. Paul Miller, Esq.*, and *A. W. Helvern, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, for the respondent.

## OPINION.

MARQUETTE: The record herein establishes that during the years 1922 and 1923 the petitioner expended $105,994.39 in advertising Booth's Crescent Brand sardines in several of the better known and widely read magazines of the country, which it deducted in its income-tax returns for 1922 and 1923 as ordinary and necessary business expenses. It now claims that these expenditures resulted in greatly increased sales of Crescent Brand sardines for a period of at least three years from the date the advertising was begun, and that they should now be amortized and deducted from income as follows: $17,665.74 in 1922, $35,331.46 in each of the years 1923 and 1924, and $17,665.73 in 1925. Stated in another way, the petitioner contends that the benefits of the advertising continued for at least three years, and that the amounts expended should, therefore, be capitalized and deducted ratably over that period. The respondent takes the position that under the circumstances no deduction should be allowed for 1924 and 1925.

The petitioner, in support of its position, cites the case of *Colonial Ice Cream Co.*, 7 B. T. A. 154, in which this Board acquiesced in the

principle that abnormally large expenditures for advertising might properly be spread over the period of years during which the benefits from the expenditures are received. However, in that case the Board sustained the Commissioner, for the reason that the petitioner produced no evidence on which a proper allocation of the expenditures could be based.

The question of whether large expenditures for advertising and promotion campaigns should be charged to expense in the year or years in which made, or capitalized and deducted ratably over a period of years, has been presented to this Board in several cases other than *Colonial Ice Cream Co., supra.* In *Northwestern Yeast Co.,* 5 B. T. A. 232, the Board was asked to allocate, between capital and expense, large amounts of money expended by the taxpayer in an advertising and promotion campaign extending over a period of years. The petitioner presented a large amount of evidence showing the amounts expended, and the sales and net profits both prior and subsequent to the expenditures. The Board, in sustaining the Commissioner in the disallowance of the entire expenditure as invested capital, said:

Generally and theoretically, therefore, it is safe to say that some part of the cost of a campaign or system of promotion may be of permanent significance and may be regarded as a capital investment rather than a deductible expense. But how far in a given case the recognition of this doctrine may require the capitalization of some expenditures and the charging off of others is hard to say. Clearly, when the question is submitted for judicial consideration it may not be answered *ab inconvenienti* by an arbitrary rule. * * * Perhaps it would be reasonable to believe that as time went on and the business grew the proportion of capital decreased and current maintenance increased, but as to this the Board has no knowledge of the probabilities and there is no proof. It is not a matter of judicial notice, and we are not permitted to guess.

Also, in *Richmond Hosiery Mills,* 6 B. T. A. 1247; affd., 29 Fed. (2d) 262, the Board, in deciding a similar issue, said:

The first difficulty arises from an inability to make a satisfactory segregation as between capital and expense of the entire amount expended. It is evident that the petitioner was looking more to future, than present, sales when the advertising campaign was authorized and carried out, but it is likewise apparent that a substantial part of the amount in question produced immediate, rather than prospective benefits. The public has a short memory concerning such matters as we are here dealing with. Because of this fact, established concerns continue their advertising campaign in order to keep constantly before the people the product which they are manufacturing, as well as to prevent the usurpation of its place in the minds of the purchasing public by a similar article.

* * * * * * *

It may be that in such cases as this upon a proper showing, some portion of the total amount expended for advertising could be capitalized, but when we look to all of the facts and circumstances disclosed by the record in this

proceeding any attempt to make an allocation as between expense and capital would be a mere guess unsupported by any sound reason.

In the instant case the record discloses that in the years subsequent to the expenditures there were large increases in the number of cases of Crescent Brand sardines sold, and in the amounts received from sales. But whether these increases were due in their entirety to the advertising campaign in 1922 and 1923 or, in part at least, to the fact that the petitioner's business was recovering, as was business in general, from the depression of 1921, we are not apprised. We are of opinion that any allocation between capital and expense of the advertising in question, made on the record herein, would be a mere estimate, and that under the circumstances the determination of the respondent should be sustained.

*Decision will be entered for the respondent.*